# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CASE NO. 1:17-CR-513-CAB-12** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE  CHRISTOPHER BOYKO** |
| | ) | |
| vs. | ) | |
| | ) | |
| **VICTOR FELIX** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S SENTENCING MEMORANDUM

Now comes Defendant, Victor Felix, by and through his duly authorized counsel, Patrick M. Farrell and James E. Kocka, and does hereby submit the following sentencing memorandum for this Court's review and consideration.

                                                 Respectfully submitted,

                                                 /s/ Patrick M. Farrell
                                                 PATRICK M. FARRELL (0011362)
                                                 Attorney for Defendant, Victor Felix
                                                 PATRICK M. FARRELL CO., L.P.A.
                                                 600 E. Granger Rd., Second Floor
                                                 Brooklyn Heights, Ohio 44131
                                                 Ph: 216-661-5050     Fx: 216-771-3387
                                                 pmf@patfarrelllaw.com

                                                 /s/ James E. Kocka
                                                 JAMES E. KOCKA (0078813)
                                                 Attorney for Defendant, Victor Felix
                                                 1000 W. Wallings Rd., Suite A
                                                 Broadview Hts., OH 44147
                                                 Ph:  440-746-1000     Fx:  440-746-1003
                                                 jameskocka@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Sentencing Memorandum has been forwarded to all parties via this Court's electronic filing system, on this 20th day of May, 2019.

/s/ Patrick M. Farrell
PATRICK M. FARRELL (0011362)
Attorney for Defendant, Victor Felix
PATRICK M. FARRELL CO., L.P.A.

/s/ James E. Kocka
JAMES E. KOCKA 90078813)
Attorney for Defendant, Victor Felix

**MEMORANDUM IN SUPPORT**

I. **STATEMENT OF FACTS**

Victor Felix (Hereafter "Felix") was charged in 1:17-CR-513-CAB-12 in three counts of a 29 count indictment filed in the Northern District of Ohio. On February 14, 2019 Mr. Felix pled guilty to an amended Count 1, of the indictment pursuant to a sealed plea agreement. Sentencing is scheduled for May 21. Count 1 of the indictment indicated conspiracy to possess with intent to distribute and distribution of various drugs including cocaine 21 U.S.C§ 841(a) (1), (b) (1) (A), (b) (1) (C) and 846. (Drug Conspiracies). Mr. Felix in filing this sentencing memorandum would like to provide the court with additional information regarding his minimal participation in the acts in which he has accepted responsibility as it pertains to the charges outlined above.

**STANDARD OF REVIEW**

A. **Blakely-Booker**

On January 12, 2005, the Supreme Court ruled that its Sixth Amendment holding in *Blakely v. Washington*, 124 S. Ct. 2531 (2004) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000) applies to the Federal Sentencing Guidelines. *United States v. Booker*, 125 S. Ct. 738, 756 (2005). Given the mandatory nature of the Sentencing Guidelines, the Court found no relevant distinction between the sentence imposed pursuant to the Washington statutes in *Blakely* and the sentences imposed pursuant to the Federal Sentencing Guidelines in the cases before the Court. Id. at 751. Accordingly, reaffirming its holding in *Apprendi*, the Court concluded that:

> [a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt. Id. at 756.

Based on this conclusion, the Court further found those provisions of the federal Sentencing Reform Act of 1984 that make the Guidelines mandatory, 18 U.S.C. 3553(b)(1) or which rely upon the Guidelines' mandatory nature, 18 U.S.C. 3742(e), incompatible with its Sixth Amendment holding. *Booker*, 125 S. Ct. at 756. Accordingly, the Court severed and excised those provisions, mak[ing] the Guidelines effectively advisory. Id. at 757. Instead of being bound by the Sentencing Guidelines, the Sentencing Reform Act, as revised by *Booker*, requires a sentencing court to consider Guidelines ranges, see 18 U.S.C.A. 3553(a)(4) (Supp.2004), but it permits the court to tailor the sentence in light of other statutory concerns as well, see 3553(a). *Booker*, 125 S. Ct. at 757. Thus, under *Booker*, sentencing courts must treat the guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. 3553(a).

The primary directive in Section 3553(a) is for sentencing courts to impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2. Section 3553(a)(2) states that such purposes are:

> (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B)   to afford adequate deterrence to criminal conduct;
> (C)   to protect the public from further crimes of the defendant; and
> (D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence, 3553(a) further directs sentencing courts to consider the following factors:

> 1) the nature and circumstances of the offense and the history and characteristics of the defendant §3553(a)(1);
> 2) the kinds of sentences available § 3553(a)(3);
> 3) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct § 3553(a)(6); and
> 4) the need to provide restitution to any victims of the offense. § 3553(a)(7).

Other statutory sections also give this Court direction in sentencing. Under 18 U.S.C. 3582, imposition of a term of imprisonment is subject to the following limitation: in

determining whether and to what extent imprisonment is appropriate based on the Section 3553(a) factors, the judge is required to "recogniz[e] that imprisonment is *not* an appropriate means of promoting correction and rehabilitation" (emphasis added).

Under 18 U.S.C. ' 3661, "*no limitation* shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence" (emphasis added). This statutory language certainly overrides the (now-advisory) policy statements in Part H of the sentencing guidelines, which list as "not ordinarily relevant" to sentencing a variety of factors such as the defendant's age, educational and vocational skills, mental and emotional conditions, drug or alcohol dependence, and lack of guidance as a youth. *See* U.S.S.G. 5H1.

The directives of *Booker* and 3553(a) make clear that courts may no longer uncritically apply the guidelines. Such an approach would be inconsistent with the holdings of *Booker*, rejecting mandatory guideline sentences based on judicial fact-finding, and the remedial majority in *Booker*, directing courts to consider all of the 3353(a) factors, many of which the guidelines either reject or ignore. *United States v. Ranum*, 353 F. Supp. 2d 984, 985-86 (E.D. Wisc. Jan. 19, 2005) (Adelman, J.). As another District Court Judge has correctly observed, any approach which automatically gives "heavy weight to the guideline range" comes perilously close to the mandatory regime found to be constitutionally infirm in *Booker*. *United States v. Jaber*, 2005 WL 605787 *4 (D. Mass. March 16, 2005) (Gertner, J.). See also *United States v. Ameline*, 400 F.3d 646, 655-56 (9th Cir. Feb. 9, 2005) (advisory guideline range is "only one of many factors that a sentencing judge must consider in determining an appropriate individualized sentence"), 401 F.3d 1007 (9th Cir. 2005).

Justice Scalia explains the point well in his dissent from *Booker's* remedial holding:

> Thus, logic compels the conclusion that the sentencing judge, after considering the recited factors (including the guidelines), has full discretion, as full as what he possessed before the Act was passed, to sentence anywhere within the statutory range. *Booker*, 125 S. Ct. at 791 (Scalia, J., dissenting in part).

Likewise, if the remedial majority thought the guidelines had to be given heavy weight, its opinion would have said so. The remedial majority clearly understood that giving any special weight to the guideline range relative to the other Section 3553(a) factors would violate the Sixth Amendment.

In sum, in every case, a sentencing court must now consider <u>all</u> of the 3553(a) factors, not just the guidelines, in determining a sentence that is sufficient but not greater than necessary to meet the goals of sentencing. And where the guidelines conflict with other sentencing factors set forth in 3553(a), these statutory sentencing factors should generally trump the guidelines. <u>See</u> *United States v. Denardi*, 892 F.2d 269, 276-77 (3d Cir. 1989) (Becker, J, concurring in part, dissenting in part) (arguing that since '3553(a) the court to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of sentencing, imposition of sentence greater than necessary to meet those purposes violates statute and is reversible, even if within guideline range).

## II. FEDERAL SENTENCING GUIDELINES

Victor Felix pleaded guilty to one count of unlawfully, knowingly, and intentionally combine, conspire, confederate, and agreed together with each other, and with the diverse others known and unknown to the grand jury, to possess with intent to distribute various drugs including cocaine, from February 24, 2017 through December 6, 2017. This Court must now determine a sentence for that offense that is "sufficient, but not greater than necessary" to achieve the goals of sentencing set forth by Congress in 18 U.S.C. § 3553(a). The probation officer's presentence report suggests an advisory guideline range of offensive base level 12 after the adjustment for acceptance of responsibility. The probation officer then went on to determine 10 criminal history points, indicating criminal history category V. Defendant Felix, by and thru

counsel objected to this criminal history level citing that the plea agreement with Felix had an amended count 1 due to a change in the date range to now begin February 24, 2017. This date change was done to reflect Felix direct involvement in the offense and as a result, a 10/24/1996 offense, Attempted Agg. Robbery falls outside of the 20 year criminal history window, even though his sentence included incarceration through February 13, 2002 the 15 year look back is exceeded, thus eliminating 3 points from his criminal history and making his criminal history point total a 7, which falls into a category IV at the very lowest level. Therefore, Mr. Felix has a base level 14 with a two level reduction for acceptance of responsibility to level 12 with a criminal history of IV.

     Mr. Felix submits that his limited participation in the events resulting in his appearance in this court is minimal, having participated in a single transaction, wherein he literally was given the drug at one end of the bar walked it down to the other end, where he received payment, then returned the payment to the seller; in comparison the activity and involvement of others that are named in the same indictment participated in many more transactions and over longer periods of time. Mr. Felix's minimal role in this matter as outlined in his probation report consisted of Victor Felix's single transfer of cocaine and engaged in controlled operation with law enforcement. In the plea agreement he was held responsible for a single transfer of cocaine. This sale of cocaine occurred on February 24, 2017 and was an isolated incident which occurred as a function of a conversation at a bar where an individual Felix knew from his past asked him if he could obtain cocaine for him. At first Felix was hesitant to do so but eventually he set up the deal and kept a little for personal use due to his drug addiction "relapse" issue. This Court is able to determine a minimal participant role for Mr. Felix and impose an adjustment of 4 levels. (3B1.2)

Mr. Felix has demonstrated that he is capable of abiding by the terms and conditions of probation as a result of the success he has achieved while on supervision subsequent to his release from halfway house.  He is currently employed, with a job which he obtained after he was released from incarceration on bond on March 15, 2019.  He obtained the position as a warehouse order filler on or about April 1st 2019, where he was tested for drugs prior to employment. In addition, Felix was assessed and determined to not have a problem that would require treatment.

In considering sentencing, the Court may consider the defendant's personal history, his prognosis, his willingness to change, and the lack of threat of danger as indicators that Mr. Felix can prove to be a useful member of society and that an unduly lengthy term of imprisonment would undermine the positive steps and achievements Mr. Felix has attained since the commencement of his last case.

### Defendant's Personal History and Characteristics

Mr. Felix is a 40-year-old male who is presently single but in a stable relationship with one child and two children which are his girlfriend's children.  Since being released on bond after his plea in the current matter Mr. Felix has a stable residence with his mother.

Mr. Felix was released on bond on or about March 15, 2019 and during this time he has gained employment at Sherwood Distributors in Maple Hts., OH.  In addition, during the period of his supervision he was repeatedly tested for drugs and other illegal substances without any failures.

Mr. Felix's past has been adequately outlined in the presentence investigative report paragraphs 168 through 185, so there's no need to further reiterate what has already been contained in the report.

In regard to the Sentencing Options as outlined in the presentence report, the defendant refutes and objects to the determination of a base level 14 with a two level reduction for acceptance of responsibility to level 12 and criminal history V, for the reasons stated above; wherein 3 points were assessed in the determination of his criminal history which included the 1996 conviction.  Those three points should be removed as Mr. Felix had been released from his prison sentence more than 15 years prior to his involvement in this particular case, resulting in a criminal history level IV.  Additionally, the minimal role participant should apply in this case as previously argued resulting in a four level reduction which would place him at an offense level of 8, setting the guideline imprisonment range to 10-16 months.

Even the correctly calculated advisory guideline range yields a sentence that is greater than necessary in light of the sentencing factors set forth in 18 U.S.C. § 3553(a). Following *United States v. Booker*, the imprisonment ranges in the guidelines must be considered in selecting the sentence, but the Court may "tailor the sentence in light of other [§ 3553] concerns as well." 125 S. Ct. 738, 757 (2005). Defendant submits that several of the § 3553(a) factors support a sentence below that suggested by the advisory guidelines.

Section 3353 calls for consideration of the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Mr. Felix is a man, who successfully completed an assessment for drug addiction and is gainfully employed

Mr. Felix has demonstrated that he could become a viable member of society upon release from custody by immediately joining the workforce upon his release.

His personal history and the circumstances surrounding Mr. Felix indicate that he succumbed to the pressure to provide assistance to a former acquaintance.

This court is required in determining the magnitude of the imposition of sentence to consider:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

It is obviously apparent that Mr. Felix has grown significantly from his past incarceration. He has made a terrible decision in being involved even in a one-time transaction and is requesting that this Court consider these factors in the imposition of the sentence in the hope that the Court will see the redeeming qualities that he was able to exhibit prior to this matter and subsequent to his release from incarceration on bond.

Respectfully submitted,

/s/ Patrick M. Farrell
PATRICK M. FARRELL (0011362)
PATRICK M. FARRELL CO., L.P.A.
600 E. Granger Rd., Second Floor
Brooklyn Heights, Ohio 44131
Phone: 216-661-5050
Fax: 216-771-3387
pmf@patfarreelllaw.com

/s/ James E. Kocka
JAMES E. KOCKA (0078813)
Attorney for Defendant, Victor Felix
1000 W. Wallings Rd., Suite A
Broadview Hts., OH 44147
Ph: 440-746-1000   Fx: 440-746-1003
jameskocka@gmail.com